Aron Steuer, J.
Suit is by the State Insurance Fund for premiums on a workman’s compensation policy. The sole defense is that the insured has objected to the classifications in which its employees were placed and has initiated a proceeding before the New York Compensation Insurance Bating Board. There is no doubt that this board is the sole authority for the fixing of rates and an insured must apply to it if it desires to contest the rate assigned (Commissioners of State Ins. Fund v. Mascali-Robke Co., 208 Misc. 316, affd. 1 AD 2d 945). The sole question here is whether recovery in an action *746 for premiums must await determination by the board. There is nothing in the statute or decided cases which says it must. In fact, the sole statutory indication is to the contrary. The provision so referred to is to the effect that in the event of a final determination adverse to the findings of the board the carrier must make a refund with interest of any overcharge received by the insurer during the pendency of the proceedings (Insurance Law, § 187, subd. 3). This clearly contemplates payment during the pendency of the proceeding and provides a remedy by way of interest therefor.
It would be difficult to imagine that the law would be otherwise. The statute provides for an appeal from the board to the superintendant and for a review of his determination by the courts by means of an article 78 proceeding. By the time the remedies were exhausted a very serious effect on the protection afforded the insured workmen could result. Payment could be delayed indefinitely and if the insurer was in weak financial condition might never be realized. The record here discloses that although the defendant insured applied for a hearing early in October, 1957, it has failed to respond to two preliminary inquiries of the board as to in what respect it deems that its employees have been imperfectly classified. Eight months have elapsed and the initial step towards determination has not been taken. A similar policy will protract the proceedings indefinitely. Motion granted; cross motion denied.